| **Scott v City of New York** |
| 2025 NY Slip Op 32721(U) |
| August 6, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150184/2020 |
| Judge: Ariel D. Chesler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. ARIEL D. CHESLER**

*Justice*

PART       62M

-----------------------------------------------------------------------------X

ALVIN SCOTT, SHAWN STARKE,

           Plaintiff,

- v -

THE CITY OF NEW YORK, DENIS CEKIC, POLICE OFFICERS JOHN AND JANE DOE

           Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150184/2020 |
| MOTION DATE | 04/01/2025 |
| MOTION SEQ. NO. | 004 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 004) 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64

were read on this motion to/for                  DISCOVERY            .

Upon the foregoing documents, it is

In this motion, plaintiffs seek an Order pursuant to CPL 245.20(b), CPLR 3104 and 3102 to unseal and disclose the grand jury minutes of defendant Officer Denis Cekic's ("Officer Cekic") testimony who testified before the New York County Grand Jury, in connection with plaintiffs' arrests, between December 13, 2018, and December 19, 2018, so that they may verify the consistency of his grand jury testimony with his deposition testimony.

### PROCEDURAL AND FACTUAL BAKGROUND

This action arises from the arrests of plaintiffs on October 12, 2018, after a complaining victim called police stating that plaintiff Shawn Starke ("Starke") grabbed her by the neck, choked her and then proceeded to menace her with a firearm. Officers arrived on scene shortly after the call and Officer Cekic spoke to the complaining victim. Officers were directed to Starke's apartment. Upon entering the apartment, Officer Cekic allegedly saw plaintiff Alvin Scott ("Scott") throw a firearm out the window. Plaintiffs were then arrested. Both plaintiffs

150184/2020   SCOTT, ALVIN vs. CITY OF NEW YORK
Motion No. 004

Page 1 of 4

[* 1]

were arraigned, and bail was set. On October 18 and 19, 2020, the charges against both plaintiffs were dismissed. Plaintiffs commenced this action by filing a Summons and Complaint on January 7, 2020. Plaintiffs assert eleven causes of action against the City of New York and Officer Cekic. Plaintiffs provided to defense counsel authorizations to unseal records relating to the arrest and prosecution on September 8, 2020. Plaintiff's counsel filed a Freedom of Information Law ("FOIL") request with the New York County District Attorney on September 8, 2020, for all documents in their possession relating to plaintiff's October 12, 2018, arrest and prosecution. On February 16, 2022, the New York County District Attorney's office released records to Plaintiff's counsel, specifically indicating disclosure of grand jury records were denied, noting the documents are "not subject to disclosure except by court order." On March 5, 2025, plaintiff filed the instant motion to compel production of the grandy jury minutes of Officer Cekic's testimony.

**DISCUSSION**

In support of the motion, plaintiffs argue that they have shown a particularized need to obtain the grand jury transcript of Officer Cekic's testimony because what Officer Cekic claimed he observed at his deposition differs from the various NYPD and District Attorney notes and reports which provide a conflicting narrative. As such, plaintiff contends that a review of Officer Cekic's grand jury testimony would provide clarity as to which set of facts he presented to the grand jury.

In opposition, as an initial matter, defendants claim the motion is procedurally defective and should have been brought before the criminal court that supervised the grand jury. Additionally, defendants argue plaintiff failed to make a compelling and particularized showing of need for the grand jury minutes in the underlying prosecution as plaintiff's speculative

[* 2]

assertion that Officer Cekic's testimony before the grand jury differs from his deposition testimony is not sufficient to establish this. In light of this, defendants assert that since plaintiff has failed to demonstrate a compelling and particularized need for disclosure, the Court does not need to reach the issue of balancing the public interest in disclosing grand jury minutes with the public interest in maintaining their secrecy.

"Secrecy has been an integral feature of Grand Jury proceedings since well before the founding of our Nation" (*Matter of District Attorney of Suffolk County,* 58 NY2d 436, 443 [1983]). "Confidentiality also serves important objectives of ensuring the independence of Grand Juries, preventing the flight of the accused and encouraging free disclosure of information by those summoned before it" (*id.*). However, this rule of secrecy is not absolute (*id.* at 444). Grand jury minutes may only be unsealed upon a showing of a "compelling and particularized need for access to them, even where the individual seeking to unseal the records was the criminal defendant in the underlying criminal proceeding" (*People v. Robinson,* 98 NY2d 755, 756 [2002]; *Melendez v. City of New York,* 109 AD2d 13, 17 [1st Dept 1985]).Then, the Court must "balance the public interest for disclosure against the public interest favoring secrecy" (*People v. Fetcho,* 91 NYS3d 765, 769 [1998]).

Here, plaintiff has failed to demonstrate that there is a compelling and particularized need to warrant disclosure of Officer Denis Cekic's grandy jury testimony (*Melendez,* 109 AD2d at 19 ["The conclusory claim by counsel that the grand jury minutes are needed to prepare for trial or that they would be useful in impeaching witnesses or cross examination is insufficient to overcome the presumption of confidentiality"]; *Matter of District Attorney of Suffolk County,* 58 NY2d at 444 ["Nothing was offered to explain why the liberal discovery devices available under the Federal Rules of Civil Procedure would not suffice"]).

[* 3]

Indeed, plaintiffs "did not establish that sources other than . . . [the] grand jury testimony were inadequate to provide the information" and the "bare claim that the testimony is needed for impeaching the witness on cross-examination is insufficient to establish a compelling need" (*Crespo v. New York City Housing Authority*, 188 AD3d 409, 409-10 [1st Dept 2020]).

As such, the balance of the public interest for disclosure against the public interest favoring secrecy does not need to be reached (*Melendez,* 109 AD2d at 19; *see also People v. Badia*, 195 AD3d 426, 427 [1st Dept 2021][because there was no showing of compelling and particularized need the court was not required to "balance various factors to assess, in its discretion, whether disclosure is appropriate under the circumstances presented"]).

Accordingly, it is hereby

**ORDERED**, that plaintiffs' motion is denied.

This constitutes the Decision and Order of the Court.

20250806113014ACHESLER8F6F9370AFED4A3AB419F2EAAFF6F3FE

8/6/2025
_____
**DATE**

_____
**ARIEL D. CHESLER, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150184/2020   SCOTT, ALVIN vs. CITY OF NEW YORK**
**Motion No.  004**

**Page 4 of 4**

[* 4]